IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHANE BRICE, | § | |
| | § | |
| Defendant Below, | § | No. 207, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Sussex County |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1010002217 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 24, 2015
Decided: August 28, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 28th day of August 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Shane Brice, filed this appeal from the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Brice's opening brief that his appeal is without merit. We agree and affirm.

(2)    On April 27, 2011, Brice pled guilty to Trafficking in Cocaine, Possession with Intent to Deliver Cocaine, and Maintaining a Dwelling for

Keeping Controlled Substances. Brewer was sentenced to a total of twenty-eight years of Level V incarceration, suspended after eight years for decreasing levels of supervision. Brice did not file a direct appeal.

(3) On March 16, 2015, Brice filed his first motion for postconviction relief under Rule 61. Brice contended that his counsel was ineffective because he failed to investigate the illegal search and seizure, failed to file a motion to suppress,[1] failed to share evidence with Brice, and pressured Brice to plead guilty. Brice also claimed he was entitled to relief based on newly discovery evidence of misconduct at the Office of Chief Medical Examiner ("OCME") and issues with the OCME report in his case, including the presence of an indicted OCME employee in the chain of custody and the lack of signature on the report.

(4) On March 30, 2015, the Superior Court summarily dismissed Brice's motion. The Superior Court found that Brice's motion was untimely because it was filed almost three years after Brice's conviction became final[2] and that Brice was bound by his representations when he pled guilty. The Superior Court also incorporated its decision in *State v. Absher*.[3] This appeal followed.

---

[1] In fact, the record reflects that Brice's counsel did file a motion to suppress.
[2] Super. Ct. Crim. R. 61(i)(1) (2014) (providing that motion for postconviction relief may not be filed more than one year after conviction becomes final). Brice's conviction became final in May 2011, but he did not file his motion for postconviction relief until March 2015.
[3] 2014 WL 7010788 (Del. Super. Ct. Dec. 3, 2014).

2

(5)     We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[4] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[5] In his opening brief, Brice argues that the Superior Court erred in concluding that his case was like the *Absher* cases because he pled guilty after the OCME tested the seized drugs and he asserted ineffective assistance of counsel claims.

(6)     Having carefully considered the parties' positions on appeal, the Court concludes that the Superior Court did not err in dismissing Brice's motion for postconviction relief. Brice's motion was untimely under Rule 61(i)(1) because he filed the motion more than a year after his conviction became final. To overcome the time bar of Rule 61(i)(1), Brice had to plead a claim that the Superior Court lacked jurisdiction or a claim that satisfied the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).[6] Under these provisions, a postconviction motion will be dismissed unless a claimant:

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United

---

[4] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[6] Del. Super. Ct. R. 61(i)(5) (2014) (providing that Rule 61(i)(1) does not apply to claim that court lacked jurisdiction or claim that satisfies pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii)).

3

States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[7]

(7)    Brice has not pled a claim that the Superior Court lacked jurisdiction or a claim that satisfies Rule 61(d)(2).  We therefore affirm the judgment of the Superior Court on the alternative ground that Brice failed to overcome the procedural bar of Rule 61(i)(1).[8]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[7] Super. Ct. R. 61(d)(2) (2014).

[8] *Unitrin, Inc. v. American General Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm on the basis of a different rationale than that articulated by the trial court).

4